**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUAZONG TANG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   13-72540<br><br>Agency No. A088-487-949<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Huazong Tang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her request for a continuance, and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Tang's request for a continuance to await the result of her appeal of the denial of her I-130 petition. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Sandoval-Luna*, 526 F.3d at 1247 ("The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse.") (citation and quotation marks omitted). The record does not support Tang's contention that the agency's analysis or explanation of its reasoning was inadequate. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). We do not consider Tang's contention that the IJ's denial of a continuance violated due

process because she failed to raise it to BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility determination based on the IJ's negative demeanor finding, inconsistencies within Tang's testimony as to her contact with fellow detainees, and an inconsistency between Tang's testimony and record evidence as to her alleged arrest in China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination supported under the totality of circumstances). Tang's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Tang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Tang's CAT claim also fails because it is based on the same testimony the agency found not credible, and she does not point to any other evidence that compels the conclusion that it is more likely than not she would be tortured if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

Finally, we deny Tang's requests to take judicial notice of new facts she refers to in her opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.

13-72540

1996) (en banc) (review limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**